IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DREW LOGAN, #Y39057, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 24-cv-01522-SMY ) |
| LeANN MILLER and DONALD SHELTON | ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

Drew Logan filed a Petition of Mandamus to challenge the Illinois Parole Review Board's finding that he violated the terms of his supervised release. (Doc. 1). The petition is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out portions that are frivolous or malicious, fail to state a claim, or name a party that is immune from suit. 28 U.S.C. § 1915A(a)-(b).

## The Petition

Drew Logan is an inmate in the custody of the Illinois Department of Corrections and is currently incarcerated at Shawnee Correctional Center. He filed a "Petition of Mandamus" in this district, using a fill-in-the-blank form that references 735 ILCS 5/14-101, *et seq*. He brings the mandamus action to challenge the state parole review board's finding that he violated the terms of his mandatory supervised release based on allegedly false evidence and a false report in Case No. 23111542201. Logan names two members of the state parole review board as respondents and seeks a new parole hearing and/or release from custody.

1

**Discussion**

Two federal statutes govern writs of mandamus: 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Neither of which authorizes federal courts to grant mandamus relief against state officials. *See id.*; *see also Leuvano v. State Bar of Tex.,* No. 11-33-GPM, 2011 WL 334291 at *1 (S.D. Ill., Jan. 29, 2011) (citations omitted) ("Mandamus relief is not available against state and local officials, including state judicial officials.").

Section 1361 limits federal mandamus jurisdiction to actions against a *federal officer or agency* and vests the court with authority to issue writs of mandamus compelling the federal officer or agency to perform a duty owed to the petitioner. *See* 28 U.S.C. § 1361. Section 1651 only allows federal courts to "issue all writs necessary or appropriate in aid of *their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a)(emphasis added). The courts possess no general power to issue writs, and the statute does not enlarge that jurisdiction. *Id.*; *In re Campbell*, 264 F.3d 730 (7th Cir. 2001).

Here, Logan's Petition does not establish the elements necessary to support a writ of mandamus against state officials (the fact that he used a state form and invoked 735 ILCS 5/14-101 *et seq*. suggests he may have intended to file his Petition in *state* court, not *federal* court). Relief is not available under 28 U.S.C. §§ 1361 and 1651, and this federal court lacks jurisdiction over the Petition.

**Disposition**

The Petition of Mandamus (Doc. 1) is **DISMISSED** for lack of subject matter jurisdiction. Petitioner is **ADVISED** that the dismissal does not count as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g). This dismissal also does not preclude Petitioner from challenging the parole board's decision in another forum, including state court.

Petitioner's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**; the Clerk of Court need not undertake further efforts to collect a filing fee. The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 9/10/2024**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**